UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CHRIS SFORZA,

                                             Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O.s  JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown), MCDONALD'S
CORPORATION, and MCDONALD'S EMPLOYEES
JOHN and JANE DOE #11-20, individually and in their
official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                             Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

07 Civ. 6122 (DLC)

**JURY TRIAL DEMANDED**

        Plaintiff CHRIS SFORZA, by her attorney, ROSE M. WEBER, complaining of the

defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983, 1985, and 1988 for violations of her civil rights by

defendants THE CITY OF NEW YORK and P.O.s  JOHN and JANE DOE #1-10 ("Municipal

Defendants"), as said rights are secured by said statutes and the Constitutions of the State of New

York and the United States.

        2.      Plaintiff also asserts claims pursuant to 42 U.S.C. §§ 1985 and 1988 against

defendants MCDONALD'S CORPORATION and MCDONALD'S EMPLOYEES JOHN and JANE

DOE #11-20 ("McDonald's Defendants").

        3.      Plaintiff also asserts supplemental state law tort claims against the McDonald's

Defendants.

4.      Plaintiff also asserts claims against all defendants under the New York State Executive Law § 296 *et seq.* (the "NYS Human Rights Law") and the Administrative Code of the City of New York § 8-107 *et seq.* (the "NYC Human Rights Law").

## JURISDICTION

5.      This action is brought pursuant to 42 U.S.C. § 1983, 1985, and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

6.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

7.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

8.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9.      Plaintiff CHRIS SFORZA is a Caucasian transgender female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10.     Defendant MCDONALD'S CORPORATION ("MCDONALD'S") was and is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware and conducting its usual business in the State of New York.

11.     That at all times hereinafter mentioned, defendant MCDONALD'S operated a restaurant at the premises designated as 341 Fifth Avenue, New York, New York.

12.     That at all times hereinafter mentioned, defendant MCDONALD'S managed a

restaurant at the aforesaid premises.

13.    That at all times hereinafter mentioned, defendant MCDONALD'S maintained a restaurant at the aforesaid premises.

14.    That at all times hereinafter mentioned, defendant MCDONALD'S controlled a restaurant at the aforesaid premises.

15.    That plaintiff and the public in general were invited to the aforesaid premises for the purpose of patronizing said restaurant.

16.    That at all times hereinafter mentioned, the individually named defendants MCDONALD'S EMPLOYEES JOHN and JANE DOE #11-20 were employees, servants and/or agents of defendant MCDONALD'S and were acting under the supervision of said defendant and according to their official duties.

17.    That at all times hereinafter mentioned, the individually named defendants MCDONALD'S EMPLOYEES JOHN and JANE DOE #11-20 were acting within the scope of their employment and for and on behalf of their employer, defendant MCDONALD'S.

18.    Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

19.    Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

20.    That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

21.    That at all times hereinafter mentioned the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

22.    Each and all of the acts of the individual police defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

23.    Each and all of the acts of the individual police defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

24.    On July 10, 2006, at approximately 10:00 p.m., plaintiff CHRIS SFORZA was lawfully and properly present in defendant MCDONALD'S' restaurant located at 341 Fifth Avenue, in the County, City and State of New York.

25.    At aforesaid time and place, plaintiff CHRIS SFORZA was physically attacked by defendant MCDONALD'S EMPLOYEE JOHN DOE #11, an employee, servant, and/or agent of defendant MCDONALD'S.

26.    Immediately prior to the attack, defendant MCDONALD'S EMPLOYEE JOHN DOE #11, acting for and on behalf of defendant MCDONALD'S and within the scope of his employment, had ordered plaintiff CHRIS SFORZA out of the women's restroom.

27.    Defendant MCDONALD'S EMPLOYEE JOHN DOE #11, acting for and on behalf of defendant MCDONALD'S and within the scope of his employment, hit plaintiff CHRIS SFORZA repeatedly in the head and body with a metal pipe.

28.    Defendant MCDONALD'S EMPLOYEE JOHN DOE #11, acting for and on behalf of defendant MCDONALD'S and within the scope of his employment, repeatedly called plaintiff CHRIS SFORZA a "faggot."

29.    As a result of this unprovoked assault, plaintiff CHRIS SFORZA sustained, *inter alia*, injuries to her head and body.

30.    Defendants MCDONALD'S EMPLOYEES JOHN and JANE DOE #12-20, acting for and on behalf of defendant MCDONALD'S and within the scope of their employment, repeatedly chanted "kill the faggot" while preventing plaintiff CHRIS SFORZA's friends from coming to her aid.

31.    One of plaintiff CHRIS SFORZA's friends dialed 911 from her cellular phone.

32.    When members of the New York City Police Department arrived at the scene, they refused to allow plaintiff CHRIS SFORZA to describe what had happened.

33.    Defendant police officers refused to arrest defendant MCDONALD'S EMPLOYEE JOHN DOE #11.

34.    Defendant police officers spoke with defendant MCDONALD'S EMPLOYEE JOHN DOE #11, who falsely stated, while acting for and on behalf of defendant MCDONALD'S and within the scope of his employment, that plaintiff CHRIS SFORZA had attacked him.

35.    Defendant police officers stated to defendant MCDONALD'S EMPLOYEE JOHN DOE #11, "I got you covered" and "This one [indicating plaintiff] is going to jail."

36.    Defendant police officers handcuffed plaintiff CHRIS SFORZA too tightly and took

her into custody, despite defendants' knowledge that they lacked probable cause to do so.

37.     As a result of being handcuffed too tightly, plaintiff CHRIS SFORZA experienced and continues to experience numbness in both hands.

38.     Defendant police officers refused to allow plaintiff CHRIS SFORZA to be treated by Emergency Medical Technicians who were present at the scene.

39.     Defendant police officers deliberately slammed plaintiff CHRIS SFORZA's head twice into the roof of an RMP.

40.     Despite repeated requests, defendant police officers refused to take plaintiff CHRIS SFORZA to the hospital.

41.     Defendants transported plaintiff CHRIS SFORZA to the Midtown South Precinct of the New York City Police Department, in Manhattan, New York.

42.     Plaintiff CHRIS SFORZA was then finally transported to Bellevue Hospital.

43.     When plaintiff CHRIS SFORZA was brought back to the precinct, she was strip-searched by male officers in full view of other male officers.

44.      From the precinct, plaintiff CHRIS SFORZA was transported to Manhattan Central Booking.

45.     Plaintiff CHRIS SFORZA was held and detained in police custody for approximately twenty-four hours.

46.     Subsequent to her release from custody, plaintiff CHRIS SFORZA went back to the precinct approximately seven times to attempt to file criminal charges against McDonald's Employee John Doe #11, but she was not permitted to do so.

47.     Defendants initiated criminal proceedings against plaintiff CHRIS SFORZA despite defendants' knowledge that they lacked probable cause to do so.

48.     During the period between July 10, 2006 and October 26, 2006, plaintiff CHRIS SFORZA was required to make several court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

49.     On or about October 26, 2006, all charges against plaintiff CHRIS SFORZA were dismissed.

50.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(against Municipal Defendants)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

53.     All of the aforementioned acts deprived plaintiff CHRIS SFORZA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority and that is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

(against Municipal Defendants)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     As a result of the aforesaid conduct by defendants, plaintiff CHRIS SFORZA was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

59.     As a result of the foregoing, plaintiff CHRIS SFORZA's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

(against Municipal Defendants)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants misrepresented and falsified evidence before the District Attorney.

62.     Defendants did not make a complete and full statement of facts to the District Attorney.

63.     Defendants withheld exculpatory evidence from the District Attorney.

64.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CHRIS SFORZA.

65.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff CHRIS SFORZA.

66.     Defendants acted with malice in initiating criminal proceedings against plaintiff CHRIS SFORZA.

67.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CHRIS SFORZA.

68.     Defendants lacked probable cause to continue criminal proceedings against plaintiff CHRIS SFORZA.

69.     Defendants acted with malice in continuing criminal proceedings against plaintiff CHRIS SFORZA.

70.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

71.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CHRIS SFORZA's favor on or about October 26, 2006, when all charges against her were dismissed.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

(against Municipal Defendants)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants issued legal process to place plaintiff CHRIS SFORZA under arrest.

74.     Defendants arrested plaintiff CHRIS SFORZA in order to obtain a collateral objective

outside the legitimate ends of the legal process.

75.    Defendants acted with intent to do harm to plaintiff CHRIS SFORZA without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

(against Municipal Defendants)

76.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiff CHRIS SFORZA's constitutional rights.

78.    As a result of the aforementioned conduct of defendants, plaintiff CHRIS SFORZA was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1983

(against all defendants)

79.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff CHRIS SFORZA of her constitutional rights.

81.    In participating in the false arrest and malicious prosecution of plaintiff CHRIS SFORZA, defendants committed overt acts in furtherance of the conspiracy.

82.    As a result of the foregoing, plaintiff CHRIS SFORZA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of her constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1985

(against all defendants)

83.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.    Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff CHRIS SFORZA of her constitutional right to equal protection under the law.

85.    In participating in the false arrest and malicious prosecution of plaintiff CHRIS SFORZA, defendants committed overt acts in furtherance of the conspiracy.

86.    Defendants' actions were motivated by animus toward transgender individuals.

87.    As a result of the foregoing, plaintiff CHRIS SFORZA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of her constitutional rights.

## EIGHTH CLAIM FOR RELIEF
## VIOLATION OF EQUAL PROTECTION UNDER 42 U.S.C. § 1983

(against Municipal Defendants)

88.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    Plaintiff CHRIS SFORZA was not permitted to file criminal charges against McDonald's Employee John Doe #11.

90.    Individuals who are not transgender are routinely permitted to file criminal charges when they have been brutally beaten.

91.    In failing to permit plaintiff CHRIS SFORZA to file criminal charges against McDonald's Employee John Doe #11, defendants violated plaintiff's right to equal protection and

deprived her of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

(against the City of New York)

92.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Municipal Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority and that is forbidden by the Constitution of the United States.

94.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, arresting and prosecuting individuals solely because they are transgender, manufacturing false charges against such individuals, using excessive force against such individuals, and allowing members of the opposite sex to search such individuals.

95.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRIS SFORZA.

96.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRIS SFORZA as alleged herein.

97.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff CHRIS SFORZA as alleged herein.

98.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRIS SFORZA was unlawfully assaulted, arrested, incarcerated, and prosecuted.

99.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRIS SFORZA's constitutional rights.

100.    All of the foregoing acts by defendants deprived plaintiff CHRIS SFORZA of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from seizure and arrest not based upon probable cause;

        C.    To be free from unwarranted and malicious criminal prosecution;

        D.    To be free from malicious abuse of process;

        E.    Not to have excessive force imposed upon her;

        F.    Not to have cruel and unusual punishment imposed upon her; and

        G.    To receive equal protection under the law.

101.    As a result of the foregoing, plaintiff CHRIS SFORZA is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages in the sum of ten million dollars ($10,000,000.00) against all defendants except for the City of New York, jointly and severally.

**PENDANT STATE CLAIMS**

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
FALSE ARREST**

(against McDonald's Defendants)

102.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, caused the arrest of plaintiff CHRIS SFORZA.

104.    Defendant MCDONALD'S, through its employees, servants and/or agents, including defendant's JOHN and JANE DOE #11-20, provided false and misleading information to the New York City Police Department in order to secure the arrest of plaintiff CHRIS SFORZA.

105.    As a result of the aforesaid conduct by defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20, plaintiff CHRIS SFORZA was subjected to an illegal, improper and false arrest by the Municipal Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Municipal Defendants in criminal proceedings.

106.    The aforesaid actions by defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 led to a deprivation of plaintiff CHRIS SFORZA's rights as secured under New York State law.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
ASSAULT**

(against McDonald's Defendants)

107.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    The aforementioned actions of defendant MCDONALD'S' employees, servants

and/or agents, including defendants JOHN and JANE DOE #11-20, placed plaintiff CHRIS SFORZA in apprehension of imminent harmful and offensive bodily contact.

109.    As a result of the conduct of defendant MCDONALD'S' employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, plaintiff CHRIS SFORZA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

(against McDonald's Defendants)

110.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Defendant MCDONALDS's employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, touched plaintiff CHRIS SFORZA in a harmful and offensive manner.

112.    Defendant MCDONALD'S' employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, did so without privilege or consent from plaintiff CHRIS SFORZA.

113.    As a result of the conduct of defendant MCDONALD'S' employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, plaintiff CHRIS SFORZA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

(against McDonald's Defendants)

114.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, provided prosecutors with false information in an attempt to induce the prosecution of plaintiff CHRIS SFORZA.

116.    Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, importuned prosecutors to prosecute plaintiff CHRIS SFORZA.

117.    As a result of the conduct of defendant MCDONALD'S' employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, a criminal proceeding against plaintiff CHRIS SFORZA was commenced on or about July 10, 2006.

118.    Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, urged the continuation of said proceeding despite the fact that they knew or should have known that plaintiff CHRIS SFORZA had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

119.    Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 were directly and actively involved in the initiation of criminal proceedings against plaintiff CHRIS SFORZA.

120.    Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 knew or should have known that there was no probable cause to initiate criminal proceedings against plaintiff CHRIS SFORZA.

121.    Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 were motivated by actual malice in initiating criminal proceedings against plaintiff CHRIS SFORZA.

122.     Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, misrepresented and falsified evidence before the District Attorney.

123.     Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, did not make a complete and full statement of facts to the District Attorney.

124.     Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 withheld exculpatory evidence from the District Attorney.

125.     Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 were directly and actively involved in the continuation of criminal proceedings against plaintiff CHRIS SFORZA.

126.     Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 knew or should have known that there was no probable cause to urge the continuation of criminal proceedings against plaintiff CHRIS SFORZA.

127.     Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 were motivated by actual malice in urging the continuation of criminal proceedings against plaintiff CHRIS SFORZA.

128.     Notwithstanding the perjurious and fraudulent conduct of defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20, the criminal proceedings were terminated in plaintiff CHRIS SFORZA's favor on or about October 26, 2006, when all charges against her were dismissed.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

(against McDonald's Defendants)

129.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

130.     Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, urged the Municipal Defendants to issue legal process to place plaintiff CHRIS SFORZA under arrest.

131.     Defendant MCDONALD'S, through its employees, servants and/or agents, including defendants JOHN and JANE DOE #11-20, urged the Municipal Defendants to arrest plaintiff CHRIS SFORZA to obtain a collateral objective outside the legitimate ends of the legal process.

132.     Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 acted with intent to do harm to plaintiff CHRIS SFORZA, without excuse or justification.

133.     As a result of the aforementioned conduct, plaintiff CHRIS SFORZA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(against McDonald's Defendants)

134.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth herein.

135.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

136.     The aforementioned conduct was committed by employees, servants and/or agents of defendant MCDONALD'S, including defendants JOHN and JANE DOE #11-20, while acting within the scope of their employment.

137.     The aforementioned conduct was committed by employees, servants and/or agents of

defendant MCDONALD'S, including defendants JOHN and JANE DOE #11-20, while acting in furtherance of their employment.

138.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff CHRIS SFORZA.

139.    As a result of the aforementioned conduct, plaintiff CHRIS SFORZA suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(against McDonald's Defendants)

140.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "139" with the same force and effect as if fully set forth herein.

141.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

142.    The aforementioned conduct was negligent and caused severe emotional distress to plaintiff CHRIS SFORZA.

143.    The aforementioned conduct was committed by employees, servants and/or agents of defendant MCDONALD'S, including defendants JOHN and JANE DOE #11-20, while acting within the scope of their employment.

144.    The aforementioned conduct was committed by employees, servants and/or agents of defendant MCDONALD'S, including defendants JOHN and JANE DOE #11-20, while acting in furtherance of their employment.

145.    As a result of the aforementioned conduct, plaintiff CHRIS SFORZA suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock,

fright and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## PRIMA FACIE TORT

### (against McDonald's Defendants)

146.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "145" with the same force and effect as if fully set forth herein.

147.    Defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20, by the aforesaid conduct, inflicted harm upon plaintiff CHRIS SFORZA.

148.    The aforesaid conduct of defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 was intentional.

149.    The aforesaid conduct of defendant MCDONALD'S and defendants JOHN and JANE DOE #11-20 was without any excuse or justification.

150.    As a result of the conduct of defendant MCDONALD'S and defendant JOHN and JANE DOE #11-20, plaintiff CHRIS SFORZA sustained, *inter alia*, severe emotional distress, embarrassment, and humiliation, deprivation of her constitutional rights, and special damages.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING AND RETENTION

### (against McDonald's Defendants)

151.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "150" with the same force and effect as if fully set forth herein.

152.    Upon information and belief, defendant MCDONALD'S failed to use reasonable care in the hiring and retention of the employees who assaulted plaintiff CHRIS SFORZA and who caused plaintiff to be arrested and prosecuted.

153.    Defendant MCDONALD'S knew, or should have known in the exercise of reasonable

care, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

### TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

(against McDonald's Defendants)

154.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "153" with the same force and effect as if fully set forth herein.

155.    Upon information and belief, defendant MCDONALD'S failed to use reasonable care in the training and supervision of the aforesaid employees who assaulted plaintiff CHRIS SFORZA and who caused plaintiff to be arrested and prosecuted.

### ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### HUMAN RIGHTS LAW

(against all defendants)

156.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "155" with the same force and effect as if fully set forth herein.

157.    In taking the above-referenced actions, defendants violated New York State Executive Law §§ 292 and 296, which prohibit discrimination in public accommodations based on sex or perceived sexual orientation.

158.    As a result of defendants' unlawful actions, plaintiff CHRIS SFORZA has suffered and continues to suffer physical injury, mental anguish, emotional distress and other compensable injuries.

### TWELFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ADMINISTRATIVE CODE

(against all defendants)

159.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "158" with the same force and effect as if fully set forth herein.

160.    In taking the above-referenced actions, defendants violated the Administrative Code of the City of New York § 8-107(4), which prohibits discrimination in public accommodations based on actual or perceived gender or sexual orientation, and § 8-603(a), which prohibits discriminatory harassment and violence motivated by actual or perceived gender or sexual orientation.

161.    In taking the above-referenced actions, defendants acted knowingly and/or with malice and/or reckless indifference to plaintiff's statutorily-protected rights.

162.    As a result of defendants' unlawful actions, plaintiff CHRIS SFORZA has suffered and continues to suffer physical injury, mental anguish, emotional distress and other compensable injuries.

163.    As a result of the foregoing, plaintiff CHRIS SFORZA is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages in the sum of ten million dollars ($10,000,000.00) against all defendants except for the City of New York, jointly and severally.

**WHEREFORE**, plaintiff demands judgment against all defendants, jointly and severally, in the sum of ten million dollars ($10,000,000.00) in compensatory damages and against all defendants except for the City of New York, jointly and severally, in the sum of ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:        New York, New York
              June 25, 2007

                                            _____/s_____
                                            ROSE M. WEBER (RW 0515)

225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355