



THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-227-4071*
*Facsimile: (212) 788-9776*
*sscharfs@law.nyc.gov*

September 24, 2007



**BY HAND**
Honorable Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Chris Sforza v. City of New York, et al., 07 CV 6122 (DLC)

Dear Judge Cote:

I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983. I write to follow up on my September 7, 2007 letter to the Court concerning plaintiff's production of a release pursuant to New York Criminal Procedure Law § 160.50, and defendant's response to the complaint, which was then due on September 24, 2007.

As the Court is aware, on September 7, defendant City of New York had requested an adjournment, because this office had not yet received from plaintiff a properly-executed authorization for release of records pursuant to § 160.50. After conferring with plaintiff's counsel, she had advised me that plaintiff would produce the necessary release on or before September 14, 2007. On that basis, defendant City of New York requested that the Court allow it an additional forty-five days in which to respond to the allegations of the complaint to October 31, 2007, and an adjournment of the initial conference then set for October 5, 2007, at 9:30 a.m.. Plaintiff's counsel and counsel for co-defendant McDonald's consented to those requests. The Court granted those requests on September 11, 2007.

On June 29, 2007, plaintiff brought this action alleging false arrest, excessive force, and related claims in connection with an incident that took place on or about July 10, 2006, allegedly involving New York City police officers. On July 19, 2007, defendant City of New York requested a sixty-day extension of time in which to respond to the complaint until

September 24, 2007. The Court granted that application. We requested the enlargement, in part, so that we could forward to plaintiff for her execution an authorization for release of underlying police and criminal records that may have been sealed pursuant to NYCPL § 160.50. We need this release in order to respond to the allegations of the complaint in keeping with our obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. Although we forwarded blank release forms to plaintiff's counsel on July 24, 2007, and again on August 14, 2007, we did not receive the executed release. Accordingly, on September 7, 2007, I telephoned plaintiff's counsel to discuss this matter. As indicated above, Ms. Weber advised me that she intended to produce the release by September 14, 2007. Recognizing that some additional time would be needed to obtain the necessary documents relating to plaintiff's arrest and prosecution and to prepare defendant's response to the complaint, she consented to my September 7, 2007 request, as did counsel for co-defendant. However, this office has not yet received the release

I note that, plaintiff's counsel had advised me that plaintiff intended to amend her complaint within the next two weeks to substitute a different McDonald's entity as a defendant in this action, as she apparently did not name the correct corporate entity, so that all defendants could respond to the amended complaint at once. Plaintiff apparently has not yet done so.

I note also that, without access to the materials that we would access in possession of a properly-executed release, defendant is unable to learn the identities of any New York City police officers involved in the underlying incident, as plaintiff has not named any individual defendants in the complaint. Accordingly, defendant does not believe that an initial conference would be productive until after issue has been joined and we have had an opportunity to investigate plaintiff's allegations. Nor would defendant be able to meaningfully confer on a discovery schedule, settlement, or other similar issues in keeping with the requirements of Rule 26(f). Accordingly, we ask that the initial conference be reset for a date after defendant has filed its answer.[1]

Defendant has previously requested two enlargements of the due date for its answer. On July 19, 2007, we requested a 60-day enlargement to from July 23, 2007, to September 24, 2007, in part so that we could obtain the release and investigate the allegations of plaintiff's complaint. Again, on September 7, 2007, we requested that defendant City of New York be permitted an additional forty-five days after plaintiff produced the NYCPL § 160.50 release on September 14, 2007, to October 31, 2007, on consent, based on the representation of plaintiff's counsel we would receive the release by September 14, 2007. We asked also that the initial conference now set for October 5, 2007, at 9:30 a.m., be adjourned to a date after issue had been joined as to all defendants.

---

[1] As I previously indicated in my September 7, 2007 correspondence, during the middle and latter parts of October, I will be preparing for trial and/or on trial in an unrelated matter now pending in the Eastern District of New York, that is scheduled to commence on October 22, 2007. As that trial may continue through that week or through the beginning of the following week, I ask that the initial conference, now set for October 26, 2007, at 3:00 p.m., be set for a date in mid-November or later, as is convenient for the Court.

For the foregoing reasons, we now request that plaintiff be ordered to produce the release by a date certain, and that the Court warn plaintiff that this action may be dismissed for failure to prosecute if plaintiff fails to comply with the Court's order, that defendant be permitted an additional period of 45 days in which to respond to the allegations after receipt of the release, and that the initial conference be adjourned to a date thereafter.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein

cc: Rose M. Weber, Esq.
Attorney for Plaintiff
225 Broadway, Suite 1608
New York, NY 10007
(by hand)

Ewan Clark, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
(by hand)

3