UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CHRIS SFORZA,

                                Plaintiff,

               -against-

THE CITY OF NEW YORK, P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), MCDONALD'S RESTAURANTS OF NEW YORK, INC., and MCDONALD'S EMPLOYEES JOHN and JANE DOE #11-20, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.

------------------------------------------------------------------------x

**ANSWER TO AMENDED COMPLAINT**

07 CV 6122 (DLC)

<u>Trial By Jury Requested</u>

(filed by ECF)

       Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff purports to bring this action and to invoke this Court's jurisdiction as set forth therein.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiff purports to bring this action as set forth therein.

  3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint, except admits that plaintiff purports to invoke this Court's supplemental jurisdiction as set forth therein.

  4. Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiff purports to bring this action as set forth therein.

  5. Denies the allegations set forth in paragraph "5" of the amended complaint, except admits that plaintiff purports to bring this action as set forth therein.

  6. Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that plaintiff purports to invoke this Court's jurisdiction as set forth therein.

  7. Denies the allegations set forth in paragraph "7" of the amended complaint, except admits that plaintiff purports to base venue as set forth therein.

  8. Admits that plaintiff purports to demand a jury as set forth in paragraph "8" of the amended complaint.

  9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the amended complaint.

  10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint.

  11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

  12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18. Admits the allegations set forth in paragraph "18" of the amended complaint.

19. Denies the allegations set forth in paragraph "19" of the amended complaint, except admit that the City of New York maintains a police department, and refer the Court to the applicable provisions of law as to its powers and responsibilities

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

21. Denies the allegations set forth in paragraph "21" of the amended complaint, and states that the allegations concerning whether defendants were acting under color of state law and/or in compliance with official rules, regulations, laws, statutes, customs, usages and/or practices are legal conclusions rather than averments of fact and, accordingly, no response is required.

22. Denies the allegations set forth in paragraph "22" of the amended complaint.

23. Denies the allegations set forth in paragraph "23" of the amended complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the amended complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Denies the allegations set forth in paragraph "32" of the amended complaint.

33. Denies the allegations set forth in paragraph "33" of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

35. Denies the allegations set forth in paragraph "35" of the amended complaint.

36. Denies the allegations set forth in paragraph "36" of the amended complaint.

37. Denies the allegations set forth in paragraph "37" of the amended complaint.

38. Denies the allegations set forth in paragraph "38" of the amended complaint.

39. Denies the allegations set forth in paragraph "39" of the amended complaint.

40. Denies the allegations set forth in paragraph "40" of the amended complaint.

41. Admits the allegations set forth in paragraph "41" of the amended complaint.

42. Denies the allegations set forth in paragraph "42" of the amended complaint, except admits that plaintiff was transported to Bellevue Hospital.

43. Denies the allegations set forth in paragraph "43" of the amended complaint.

44. Denies the allegations set forth in paragraph "44" of the amended complaint, except admits that plaintiff was transported to Manhattan Central Booking.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the amended complaint.

46. Denies the allegations set forth in paragraph "46" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether and how many times plaint8iff returned to the precinct and her intentions in doing so.

47. Denies the allegations set forth in paragraph "47" of the amended complaint.

48. Denies the allegations set forth in paragraph "48" of the amended complaint, except admits that, on information and belief, plaintiff made court appearances.

49. Admits the allegations set forth in paragraph "49" of the amended complaint.

50. Denies the allegations set forth in paragraph "50" of the amended complaint.

51. In response to the allegations set forth in paragraph "51" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "50" of this answer as if fully set forth therein.

52. Denies the allegations set forth in paragraph "52" of the amended complaint.

53. Denies the allegations set forth in paragraph "53" of the amended complaint.

54. Denies the allegations set forth in paragraph "54" of the amended complaint.

55. Denies the allegations set forth in paragraph "55" of the amended complaint.

56. Denies the allegations set forth in paragraph "56" of the amended complaint.

57. In response to the allegations set forth in paragraph "57" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "56" of this answer as if fully set forth therein.

58. Denies the allegations set forth in paragraph "58" of the amended complaint.

59. Denies the allegations set forth in paragraph "59" of the amended complaint.

60. In response to the allegations set forth in paragraph "60" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "59" of this answer as if fully set forth therein.

61. Denies the allegations set forth in paragraph "61" of the amended complaint.

62. Denies the allegations set forth in paragraph "62" of the amended complaint.

63. Denies the allegations set forth in paragraph "63" of the amended complaint.

64. Denies the allegations set forth in paragraph "64" of the amended complaint.

65. Denies the allegations set forth in paragraph "65" of the amended complaint.

66. Denies the allegations set forth in paragraph "66" of the amended complaint.

67. Denies the allegations set forth in paragraph "67" of the amended complaint.

68. Denies the allegations set forth in paragraph "68" of the amended complaint.

69. Denies the allegations set forth in paragraph "69" of the amended complaint.

70. Denies the allegations set forth in paragraph "70" of the amended complaint.

71. Denies the allegations set forth in paragraph "71" of the amended complaint, except admits that the charges were dismissed on or about October 26, 2006.

72. In response to the allegations set forth in paragraph "72" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "71" of this answer as if fully set forth therein.

73. Denies the allegations set forth in paragraph "73" of the amended complaint.

74. Denies the allegations set forth in paragraph "74" of the amended complaint.

75. Denies the allegations set forth in paragraph "75" of the amended complaint.

76. In response to the allegations set forth in paragraph "76" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "75" of this answer as if fully set forth therein.

77. Denies the allegations set forth in paragraph "77" of the amended complaint.

78. Denies the allegations set forth in paragraph "78" of the amended complaint.

79. In response to the allegations set forth in paragraph "79" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "78" of this answer as if fully set forth therein.

80. Denies the allegations set forth in paragraph "80" of the amended complaint.

81. Denies the allegations set forth in paragraph "81" of the amended complaint.

82. Denies the allegations set forth in paragraph "82" of the amended complaint.

83. In response to the allegations set forth in paragraph "83" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "82" of this answer as if fully set forth therein.

84. Denies the allegations set forth in paragraph "84" of the amended complaint.

85. Denies the allegations set forth in paragraph "85" of the amended complaint.

86. Denies the allegations set forth in paragraph "86" of the amended complaint.

87. Denies the allegations set forth in paragraph "87" of the amended complaint.

88. In response to the allegations set forth in paragraph "88" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "87" of this answer as if fully set forth therein.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the amended complaint.

90. Denies the allegations set forth in paragraph "90" of the amended complaint.

91. Denies the allegations set forth in paragraph "91" of the amended complaint.

92. In response to the allegations set forth in paragraph "92" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "91" of this answer as if fully set forth therein.

93. Denies the allegations set forth in paragraph "93" of the amended complaint.

94. Denies the allegations set forth in paragraph "94" of the amended complaint.

95. Denies the allegations set forth in paragraph "95" of the amended complaint.

96. Denies the allegations set forth in paragraph "96" of the amended complaint.

97. Denies the allegations set forth in paragraph "97" of the amended complaint.

98. Denies the allegations set forth in paragraph "98" of the amended complaint.

99. Denies the allegations set forth in paragraph "99" of the amended complaint.

100. Denies the allegations set forth in paragraph "100" of the amended complaint and all of its subparts.

101. Denies the allegations set forth in paragraph "101" of the amended complaint.

102. In response to the allegations set forth in paragraph "102" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "101" of this answer as if fully set forth therein.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the amended complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the amended complaint.

105. Denies the allegations set forth in paragraph "105" of the amended complaint.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the amended complaint.

107. In response to the allegations set forth in paragraph "107" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "106" of this answer as if fully set forth therein.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the amended complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the amended complaint.

110. In response to the allegations set forth in paragraph "110" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "109" of this answer as if fully set forth therein.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the amended complaint.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the amended complaint.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the amended complaint.

114. In response to the allegations set forth in paragraph "114" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "113" of this answer as if fully set forth therein.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the amended complaint.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the amended complaint.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the amended complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the amended complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the amended complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the amended complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the amended complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the amended complaint.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the amended complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the amended complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the amended complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the amended complaint.

127. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the amended complaint.

128. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the amended complaint, except admits that the charges were dismissed on or about October 26, 2006.

129. In response to the allegations set forth in paragraph "129" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "128" of this answer as if fully set forth therein.

130. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the amended complaint.

131. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the amended complaint.

132. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the amended complaint.

133. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the amended complaint.

134. In response to the allegations set forth in paragraph "134" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "133" of this answer as if fully set forth therein.

135. Defendant states that the allegations set forth in paragraph "135" of the amended complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

136. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the amended complaint.

137. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the amended complaint.

138. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the amended complaint.

139. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the amended complaint.

140. In response to the allegations set forth in paragraph "140" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "139" of this answer as if fully set forth therein.

141. Defendant states that the allegations set forth in paragraph "141" of the amended complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

142. Defendant states that the allegations set forth in paragraph "142" of the amended complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

143. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the amended complaint.

144. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the amended complaint.

145. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the amended complaint.

146. In response to the allegations set forth in paragraph "146" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "145" of this answer as if fully set forth therein.

147. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the amended complaint.

148. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the amended complaint.

149. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the amended complaint.

150. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the amended complaint.

151. In response to the allegations set forth in paragraph "151" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "150" of this answer as if fully set forth therein.

152. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the amended complaint.

153. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the amended complaint.

154. In response to the allegations set forth in paragraph "154" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "153" of this answer as if fully set forth therein.

155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the amended complaint.

156. In response to the allegations set forth in paragraph "156" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "155" of this answer as if fully set forth therein.

157. Denies the allegations set forth in paragraph "157" of the amended complaint.

158. Denies the allegations set forth in paragraph "158" of the amended complaint.

159. In response to the allegations set forth in paragraph "159" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "158" of this answer as if fully set forth therein.

160. Denies the allegations set forth in paragraph "160" of the amended complaint.

161. Denies the allegations set forth in paragraph "161" of the amended complaint.

162. Denies the allegations set forth in paragraph "162" of the amended complaint.

163. Denies the allegations set forth in paragraph "163" of the amended complaint.

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>**:

164. The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

165. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

166. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

167. Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendant, and was not the proximate result of any act of defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

168. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

169. There was probable cause for plaintiff's arrest and/or detention.

**WHEREFORE**, defendant City of New York requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 7, 2007

        **MICHAEL A. CARDOZO**
        Corporation Counsel of the
          City of New York
        Attorney for Defendant City of New York
        100 Church Street
        New York, New York  10007
        (212) 227-4071

By: _____/S/_____
    SUSAN P. SCHARFSTEIN (SS 2476)

To:    Rose Weber, Esq.
        Attorney for Plaintiff
        225 Broadway, Suite 1607
        New York, NY  10007

        Ewan Clark, Esq.
        Bonner Kiernan Trebach & Crociata, LLP
        Empire State Building, Suite 3304
        New York, NY  10118

Index No. 07 CV 6122 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS SFORZA,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), MCDONALD'S RESTAURANTS OF NEW YORK, INC., and MCDONALD'S EMPLOYEES JOHN and JANE DOE #11-20, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

**ANSWER TO AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Susan P. Scharfstein (SS 2476)*
*Tel: (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................, 200 . . .*

*.............................................................................Esq.*

*Attorney for ..............................................................*