```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CHRIS SFORZA,                            :
                       Plaintiff,        :
                                         :      07 Civ. 6122 (DLC)
          -v-                            :
                                         :      MEMORANDUM OPINION
CITY OF NEW YORK; P.O.s JOHN AND JANE    :           AND ORDER
DOE #1-10, individually and in their     :
official capacities, (the names John     :
and Jane Doe being fictitious, as the    :
true names are presently unknown);       :
MCDONALD'S CORPORATION, and MCDONALD'S   :
EMPLOYEES JOHN AND JANE DOE #11-20,      :
individually and in their official       :
capacities, (the names John and Jane     :
Doe being fictitious,                    :
                       Defendants.       :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:

Rose M. Weber
Rose M. Weber Law Office
225 Broadway, Suite 1608
New York, New York 10007

For Defendant City of New York:

Susan P. Scharfstein
New York City Law Department
100 Church Street
New York, New York 10007

For Defendant McDonald's Restaurants of New York, Inc.:

Ewan Marcus Clark
Bonner, Kiernan, Trebach & Criciata
Empire State Building, Suite 3304
New York, New York 10118

DENISE COTE, District Judge:

Through a letter of October 20, 2008, defendants have requested either that the plaintiff be ordered to produce an authorization compliant with the Health Insurance Portability and Accountability Act ("HIPAA") to permit the defendants to interview certain Emergency Medical Technicians ("EMTs"), or that an order be issued permitting them to do so. An order permitting counsel to interview the EMTs ex parte will be issued.

BACKGROUND

In this action, brought pursuant to 42 U.S.C. § 1983, the plaintiff contends that on a night in July 2006, New York City police officers used excessive force in arresting her and wrongfully refused to arrest the manager of a McDonald's restaurant who beat her with a pipe, and later wrongfully refused to take her complaints against that manager when she sought to file them formally at the precinct. While she sustained no permanent physical injury from the episode, she was traumatized by the beating, the use of excessive force and the refusal to take her complaints. The plaintiff alleges that the police also refused to allow her to be treated by EMTs who were present at the scene of her arrest.

2

Counsel have had difficulty identifying the EMTs who the plaintiff asserts witnessed her injuries, but defense counsel has recently identified certain EMTs who may have been working near the scene of the incident on the night of the plaintiff's arrest. Defense counsel requested that the plaintiff provide a HIPAA-compliant authorization that would allow counsel to speak to the EMTs. The plaintiff has consented to provide such a release for production of records, but has refused to provide one authorizing an ex parte interview. The plaintiff insists that any oral discovery occur only in the context of a deposition.

DISCUSSION

The issue that must be resolved is whether defense counsel may conduct an ex parte interview of non-party witnesses who may be covered by HIPAA. It is undisputed that the information which the identified EMTs may possess is squarely raised by the plaintiff's claims and is discoverable. Moreover, there is no federal doctor-patient or medical provider privilege which would affect the ordinary rule in a federal question case that counsel may interview non-party lay witnesses, including treating physicians. See Jaffee v. Redmond, 518 U.S. 1, 10 (1996) (recognizing psychotherapist-patient privilege but distinguishing it from "[t]reatment by a physician for physical

3

ailments"). Plaintiff relies solely on three decisions citing the HIPAA statute and its implementing regulations to argue that the statute restricts the right of parties to conduct ex parte interviews.

The parties have assumed, and this Court consequently shall assume for purposes of this discussion, that the EMTs to whom the defendants wish to speak are health care providers covered by HIPAA. See 45 C.F.R. § 164.104 (defining health care provider who is covered by HIPAA regulations as a provider "who transmits any health information in electronic form in connection with a transaction covered by this subchapter"). As covered persons, they may not use or disclose "protected health information" without valid authorization or as otherwise authorized by regulation. Id. § 164.508(a)(1). Again, the parties have assumed that the information sought by the defendants constitutes protected health information, and this Court will therefore make the same assumption.

The HIPAA regulations permit covered health care providers to disclose protected health information pursuant to court order and subpoena. Specifically, such a disclosure may be made

> in the course of any judicial . . . proceeding: (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or (ii) In response to a subpoena, discovery request, or other lawful process,

4

that is not accompanied by an order of a court or
administrative tribunal, if

certain conditions, principally concerning notice to the affected person, are met. Id. § 164.512(e)(1)(emphasis supplied).

Plaintiff has not pointed to any provision within HIPAA that would bar ex parte communication with a health care provider when the disclosure of protected health information has been authorized by court order. She relies instead on three decisions which have addressed the HIPPA regulations. None of the cases holds that HIPAA bars ex parte interviews of health care providers. Two declined to permit such interviews because there had been an insufficient showing of need; the third case declined to permit such an interview because of the strong policy underlying HIPAA.

In Eng v. Blood, No. 9:04-CV-1146 (NAM), 2008 WL 2788894, at *5 (N.D.N.Y. July 17, 2008), the district court found that evidence of an inmate's emotional and/or psychological condition had some limited relevance to the inmate's claim of retaliation brought against corrections officers, specifically, as it bore on his demand for nominal or punitive damages. The court required the plaintiff to provide HIPAA-compliant authorizations so that the defendants could obtain his mental health records from the providers that the plaintiff had listed as witnesses at

trial, but found "no need" for the defendants to conduct ex parte interviews of those providers in advance of trial. Id.

The plaintiff in Fralick v. Chautauqua County Chapter of Am. Nat'l Red Cross, No. 06-CV-340S (Sr), 2007 WL 475322 (W.D.N.Y. Feb. 9, 2007), asserted that she suffered an injury as a result of a donation of blood to the defendants. The court denied without prejudice the defendants' request for authorization to conduct ex parte interviews of the plaintiff's physicians on the ground that they had not yet "demonstrated good cause" for an order granting such authorization. Id. at *2. In doing so, the court acknowledged that it had the power to grant permission for such interviews under HIPPA. Id.

It is the third decision which provides the plaintiff with her strongest support. In Equal Employment Opportunity Commission v. Boston Mkt. Corp., No. CV 03-4227 (LDW), 2004 WL 3327264 (E.D.N.Y. Dec. 16, 2004), the defendant in an employment discrimination action sought an order permitting ex parte communication with the plaintiff's psychologists. The court found that the plaintiff had waived the psychotherapist-patient privilege by placing her mental condition in issue. Id. at *6. The court declined, however, to permit the defendant to pursue ex parte communications with the psychologists on the ground that the "strong policy underlying HIPAA would appear to trump the reasoning of those pre-HIPAA decisions that allowed defense

6

counsel ex parte access to plaintiff's treating physicians." Id. at *6. At the same time, the court acknowledged that ex parte disclosure of health information was "not expressly prohibited by HIPAA." Id. at *5.

The defendants have shown that they are entitled to a court order in this case that would permit them to conduct ex parte interviews of the EMTs. Such an order will protect the EMTs from any claim that they have violated HIPAA by participating in ex parte discussions regarding any protected health information of the plaintiff that they may possess, whether the discussion is with counsel for the plaintiff or defendants. The order will not, of course, require the EMTs to participate in such interviews. As non-party witnesses, they retain their right to decline to be interviewed.[1] Should the EMTs agree to be interviewed, those interviews may very well alleviate the need to take their depositions and save the plaintiff, defendants, and the EMTs the cost and burden of more formal discovery.

---

[1] For instance, it would not be surprising if a plaintiff's treating physician declined to be interviewed by defense counsel even when a court order permitting such an ex parte interview protects the physician against an assertion that the disclosure of the plaintiff's protected health information violated HIPAA.

7

CONCLUSION

The defendants' request for an order permitting ex parte interviews of non-party Emergency Medical Technician witnesses is granted.

SO ORDERED:

Dated: New York, New York
October 24, 2008

*Denise Cote*
DENISE COTE
United States District Judge